## JIM REECE v. THE STATE.

### No. 3274. Decided October 28, 1914.

**1.—Theft—Requested Charge—Bill of Exceptions.**

In the absence of objections to the court's charge, and a bill of exceptions to the refusal of the court to submit a requested charge, the matter can not be reviewed; besides, the special charge was covered by the main charge.

**2.—Same—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions, a complaint to the introduction of testimony can not be considered on appeal.

**3.—Same—Possession—Sufficiency of the Evidence.**

Where, upon trial of theft, the appellant claimed on appeal that the evidence did not show that the alleged property was taken from the possession of the party alleged in the indictment, but the evidence did show such possession under the statute, there was no reversible error, the other evidence being sufficient to sustain the conviction.

Appeal from the District Court of Brown. Tried below before the Hon. John W. Goodwin.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Arch Grinnan,* for appellant.—On question of possession: Madison v. State, 16 Texas Crim. App., 435.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the theft of two bales of cotton.

The court gave a full, apt and complete charge, submitting every issue raised. No objection whatever was made to the charge. Appellant requested one special charge, which was refused. The record does not show that this was requested before the court gave his charge to the jury, nor was any bill of exceptions taken at any time to the refusal of this charge. Hence, the question is not raised in such a way as authorizes this court to pass upon it. Even if we could we think the special charge was fully covered by the main charge and it should not have been given.

Appellant has some complaints in his motion for new trial of the introduction of testimony. None of these questions are verified by any bill. Hence, they can not be considered.

The only other question he raises is, he claims the evidence does not show that the cotton was taken from the possession of Grant Thomas, to whom the indictment charges it belonged.

The uncontradicted evidence on that point was substantially this: Thomas was in charge of a cotton yard in Brownwood. He had the care, custody and control of the yard and all cotton that was received therein. About a week before appellant is charged to have committed this offense Thomas had received, weighed and placed in position in the yard said two bales of cotton. Neither bale had been sampled. Between 7 and 8 o'clock on the night of October 4, 1913, after Thomas had left his cotton yard, appellant went to the residence where Thomas stayed and told him he had two bales of cotton he wanted weighed. Thomas told him it was dark then and to wait until next morning, but offered to go down with him and help him throw it off the wagon. He replied that it was already unloaded and his cousin had gone to the wagon yard with the team. Early the next morning Thomas met appellant and they together went down to the cotton yard for Thomas to receive from appellant, weigh and sample the two bales. Upon reaching the

yard he found the two bales of cotton at his scales, and with the assistance of appellant, then weighed them. He sampled one bale and appellant the other. The night before appellant told him that the cotton was his cousin's cotton and when he weighed it and when he went to issue the tickets he asked to whom he should issue them, and appellant told him to issue them to him, which he did. Appellant then took the tickets and the samples up in the town and sold the two bales to a merchant for about $150 cash and delivered the tickets to him at the time as representing the cotton and the delivery thereof to the merchant. A day or two later the owner of one of the bales who had first delivered it to Thomas in the yard and to whom he had issued a ticket therefor, having sold the cotton, applied to Thomas and at first himself tried to locate it, which he could not do. Thomas then went to the cotton yard and found that the two bales which appellant had turned over to him were the two bales that he had received for the owners some days previous thereto. He thoroughly identified the two bales as the cotton previously delivered to him and placed by him at the time as stated. Thomas said no wagon had gone through the cotton yard the day before up to the time he left there. The next morning when he went there with appellant he found that since he had left there the evening before wagon tracks had been made right at his scales through the mud, it being quite muddy. Thomas could not say positively whether the cotton had been actually taken out of the yard from the time it was first received by him from the real owners to the time he weighed it for appellant or not.

Our statute (art. 1331, P. C.) is: "To constitute 'taking,' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

This evidence clearly shows that at least someone had taken actual manual possession of this cotton and moved it from where Thomas had first placed it, some distance, to the scales when appellant had it weighed; and that appellant at the time it was weighed by what was done, as shown above, was in possession of it and thereby he took it out of the possession of Thomas and then, after having it weighed and sampled, in receiving the tickets therefor, himself delivered the possession thereof, for himself, back to Thomas. We think the facts clearly show that it was a taking of this cotton out of Thomas' possession under his first holding thereof for the true owners.

We have not recited, because unnecessary, the other evidence tending to show and clearly sufficiently so, that appellant was the person who took said property out of Thomas' possession. The evidence is even sufficient to show that appellant actually moved the cotton entirely from the cotton yard and then returned it the night before he had it weighed

the next morning. The court gave a correct charge on circumstantial evidence. The judgment is, therefore, affirmed.

*Affirmed.*